UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YU YAO,<br><br>                         Petitioner,<br><br>v.<br><br>KRISTI NOEM, et al.,<br><br>                         Respondents. | Case No.:  3:26-cv-1832-CAB-JLB<br><br>**ORDER PARTIALLY GRANTING A WRIT OF HABEAS CORPUS** |

Petitioner Yu Yao, a Chinese national, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Doc. No. 1 ("Petition").]  Petitioner has been held in immigration detention since he came to the United States seeking asylum in January 2025.  [*Id.* at 3.]  On November 7, 2025, he was ordered removed from the United States but granted withholding of removal to China.  [*Id.*]

Petitioner argues he must be released under the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001) because "there is no significant likelihood of [his] removal in the reasonably foreseeable future."  [Petition at 3.]  Respondents admit they have attempted to identify a third country for Petitioner's removal but those attempts have been unsuccessful.  [Doc. No. 4 at 1.]  They "therefore acknowledge that Petitioner is entitled to be released from custody 'subject to supervision under regulations prescribed

1

by the Attorney General.'"  [*Id.* (emphasis removed) (citing 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5(a)).]

Petitioner also argues that Respondents must provide adequate notice and an opportunity to be heard before removing him to a country other than China ("third country").  [Petition at 4–5.]  But there is no evidence before the Court that Respondents have identified a third country, or that when one is identified, Respondents will contravene Ninth Circuit precedent requiring Petitioner to be notified that he may apply for appropriate relief, including withholding of removal to that third country.  *See, e.g., Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process.").  It is thus premature on the current record for this Court to order injunctive relief related to Petitioner's potential future removal to an unidentified third country.  The Court therefore **DENIES** Petitioner's request for relief on this issue.

In conclusion, the Court **GRANTS** a writ of habeas corpus and **ORDERS** Respondents to immediately release Yu Yao subject to supervision under regulations prescribed by the Attorney General, including the requirements of 8 U.S.C. § 1231(a)(3). The Court **DENIES** Petitioner's request for injunctive relief regarding removal to a third country.  The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: April 3, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

2